GRACEY, JUDGE:
Claimant seeks $11,467.99 for damage to its 1985 Dodge track and for tools in the track at the time of the incident which were never recovered. Claimant's track was stolen on April 29, 1987, by three juveniles housed at the Salem Industrial School, a facility of the respondent.
Claimant alleges negligence on the part of respondent for failing to properly secure the juveniles at the Salem Industrial School. Claimant contends that unusual circumstances during that evening should negate the fact that the key was in the ignition of claimant's track at the time of the theft.
At some time after midnight, one of the three juveniles involved in this incident requested a glass of water from correctional officer, Frank DeMicco, who was in charge of the juveniles housed in Jones Hall, a dormitory at Salem Industrial School. When the officer returned with the water, one of the juveniles struck Mr. DeMicco and took his keys. The juveniles then escaped from Jones Hall and the complex. They proceeded to claimant's parking lot where they stole the track. The parking lot is located behind claimant's office buildings ;and is surrounded by a fence which is approximately eight to ten feet in height and is topped with barbed wire. The stolen truck was parked approximately 30-40 feet from the main gate which was unlocked at the time of the theft.
Michael Conley, District Superintendent of Salem District for claimant, testified that April 28 and April 29, 1986, were unusual as a brash fire had occurred in the Coal Water area. Several of claimant's employees were dispatched to protect claimant's gas pipe lines in that area. There were several employees going to and from the scene of the fire on the night of the incident. He stated that it is company policy for employees to park a vehicle, leave the key in the ignition or ashtray of the vehicle, and lock the gate to the parking lot.
*99 It is clear from the record that negligence, if any, on the part of the respondent was not the proximate cause of the damages suffered by the claimant. Claimant was negligent in leaving the keys in the parked truck and in leaving the gate to the parking lot unlocked. This negligence was the proximate cause of the theft and any subsequent damage to the vehicle and the loss of the tools. Edens vs. Dept. of Health, 15 Ct.Cl. 166 (1984); Lepara vs. Dept. of Corrections, 13 Ct.Cl. 49 (1979). Accordingly, the Court is of the opinion to and does deny the claim.
Claim disallowed